## Case No. 14,893.

### UNITED STATES v. CROSBY et al.[1]

[1 Hughes, 448.] [2]

Circuit Court, D. South Carolina. Nov. Term, 1871.

ELECTIONS — INTIMIDATING VOTERS — FOURTEENTH AND FIFTEENTH AMENDMENTS TO CONSTITUTION — INDICTMENT — STATUTES — PROTECTION OF VOTERS.

1. The first section of the act of May 31st, 1870 (16 Stat. 140), declared a right, and section 7 of the same act defines the punishment for its violation.

2. It is not necessary that each section of the act should contain or disclose the penalty for its infraction. That is often, as in this statute, referred to a later and generally to the closing section of the act defining the crime or offence, and is made applicable to all the antecedent sections.

3. In charging a statutory offence it is generally sufficient to set it out in the words of the statute. If the statute uses a common law name for a crime which it proposes to punish, the indictment must set forth the various ingredients of the crime which go to make up the offence at common law.

4. Congress has never assumed the power to prescribe the qualifications of voters in the several states. To do so is left entirely to the states themselves. The right of a citizen to vote depends upon the laws of the state in which he resides, and is not granted to him by the constitution of the United States; nor is such right guaranteed to him by that instrument. All that is guaranteed is that he shall not be deprived of suffrage by reason of his race, color, or previous condition of servitude.

5. The right to be secure in one's house is not a right derived from the constitution. It existed long before the adoption of the constitution, at common law, and cannot be said to come within the meaning of the words of the act, "right, privilege, or immunity granted or secured by the constitution of the United States."

6. Congress has power to interfere for the protection of voters at federal elections, and that power existed before the adoption of the fourteenth or fifteenth amendments to the constitution.

This was an indictment [against Allen Crosby, Sherod Childers, and others] for conspiracy contrary to the provisions of sections 5, 6, and 7 of the act of congress of May 31st, 1870, to enforce the rights of citizens to vote, etc., and section 2 of the act of April 20th, 1871, to enforce the provisions of the fourteenth amendment. The indictment contained eleven counts, which charged as follows: First Count. That Allen Crosby, etc., on the first day of February, 1871, unlawfully did conspire together with intent to violate the first section of the act entitled "An act to enforce the rights of the citizens of the United States to vote in the several states of this Union, and for other purposes," approved May 31st, 1870, to wit: "That all citizens of the United States who are or shall be otherwise qualified by law to vote at any election by the people in any state, territory, district, county, city,

[1] The report of this case was prepared for this volume by William Stone, Esq., late United States attorney for South Carolina.

[2] [Reprinted by permission.]

parish, township, school district, municipality, or other territorial subdivision, shall be entitled and allowed to vote at all such elections, without distinction of race, color, or previous condition of servitude; any constitution, law, custom, usage, or regulation of any state or territory, or by or under its authority, to the contrary notwithstanding," contrary to the act of congress in such case made and provided, and against the peace and dignity of the United States. Second Count. That on the same day, the defendants "unlawfully did conspire together with intent to injure, oppress, threaten, and intimidate Amzi Rainey, a citizen of the United States, with intent to prevent and hinder his free exercise and enjoyment of a right and privilege granted and secured to him by the constitution and laws of the United States, to wit, the right of suffrage contrary," etc. Third Count. Same as the second, with the addition of a charge of burglary, in the following words: "That said Allen Crosby . . . . about the hour of eleven of the clock in the night, on the day and year aforesaid, at the county, etc., in the act of committing the offence aforesaid as aforesaid set forth and alleged, with force and arms the dwelling-house of the said Amzi Rainey, there situate, feloniously and burglariously did break and enter with intent to commit a felony; and that the defendants in the said dwelling-house there being, in and upon the said Amzi Rainey, in the said dwelling-house then being, then and there, unlawfully, maliciously, and feloniously did make an assault; and the said defendants, the said Amzi Rainey, in and upon the head, shoulders, and back of the said Amzi Rainey, then and there unlawfully, maliciously, and feloniously did strike, cut, and wound, with intent to do unto said Amzi Rainey some grievous bodily harm, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of South Carolina." Fourth Count. That the same day the defendants unlawfully did attempt to control Amzi Rainey in exercising the right of suffrage, to whom the right of suffrage is secured and guaranteed by the fifteenth amendment to the constitution of the United States, by threats of violence to himself, contrary, etc. Fifth Count. Same as the fourth count, with the addition of a charge of burglary, as set out in the third count. Sixth Count. That on the same day, defendants unlawfully did conspire together with intent to injure, oppress, threaten, and intimidate Amzi Rainey, a citizen of the United States, because of his free exercise of a right and privilege granted and secured to him by the constitution and laws of the United States, to wit, the right of suffrage, contrary, etc. Seventh Count. Same as the sixth count, with the addition of a charge of burglary, as set out in the third count. Eighth Count. That on the same day, defendants unlawfully did conspire together with intent to injure, oppress, threaten, and intimidate Amzi Rainey, a citizen of the Unit-

ed States, with intent to prevent and hinder his free exercise and enjoyment of a right and privilege granted and secured to him by the constitution of the United States, to wit, the right to be secure in his person, houses, papers, and effects against unreasonable search and seizure, contrary, etc. Ninth Count. That on the 21st day of April, 1871, the defendants unlawfully did conspire together for the purpose of depriving Amzi Rainey of the equal protection of the laws, contrary, etc. Tenth Count. That on the 21st day of April, 1871, defendants unlawfully did conspire together for the purpose of depriving Amzi Rainey of equal privileges and immunities under the laws, contrary, etc. Eleventh Count. That on the 21st day of April, 1871, defendants unlawfully did conspire together to injure Amzi Rainey, a citizen of the United States, lawfully entitled to vote, in his person, on account of giving his support, in a lawful manner, in favor of the election of A. S. Wallace, a lawfully qualified person, as a member of the congress of the United States, contrary, etc.

On December 4th, 1871, it was moved in behalf of the defendants, to quash the indictment on the following grounds: As to the first count: 1. The conspiracy charged is, to violate the first section of the act of May 31st, 1870, which section defines no crime or offence, and forbids nothing. 2. The names of the persons hindered or prevented, or not allowed to vote, are not set forth, nor is it alleged that their names were unknown to the grand jury. 3. The means by which the unlawful prevention was effected are not set forth. 4. The specific election at which they were not allowed to vote, whether for state, county, municipal, United States officers or representatives in congress, is not set forth. 5. Nor the date of the election, as stated, third Wednesday of October, 1872. 6. The qualifications of said male citizens to vote are not set forth. As to the second count: 1. It is not alleged that said Rainey was qualified to vote. 2. Nor that there was any election. 3. The unlawful means are not set forth. As to the third count: The defendants rely here upon this further objection, to wit: The burglary and battery charged in this count is not alleged as an overt act of the conspiracy, but as a distinct offence against the state of South Carolina, as is cognizable by, or within, the jurisdiction of this court, but is exclusively cognizable by the state court, having jurisdiction of such offences in the said county of York. As to the fourth count: 1. It does not allege that said Rainey was, at the time when, etc., a citizen of the United States; or, that the right of suffrage was then secured to him by the said fifteenth amendment. 2. It is not alleged that he was otherwise qualified to vote than by force of the said amendment. 3. No election is set forth. As to the fifth count: The defendants rely upon the same objections to this count as set forth to the said second and third

counts. As to the sixth count: The defendants rely upon the same objections to this count as are set forth to the said second count; and in addition, that it is not alleged that he had exercised the privilege therein mentioned. As to the seventh count: The defendants rely upon the same objections to this count as are set forth to the second. third, and fourth counts. As to the eighth count: 1. The means by which he was to be hindered are not set forth. 2. It is not alleged which of the rights—those of person or property—were intended to be invaded, searched, or seized. 3. It is not alleged that he was a householder. As to the ninth count: 1. It is not averred in what way, or by what means, the said Rainey was so deprived of the equal protection of the laws. 2. It is not averred what were the laws, federal or state, of the protection of which he was so deprived. 3. It is not alleged that he was a citizen of the United States, or of any state, or any territory of the United States. As to the tenth count: The defendants rely upon the same objections as set forth to the ninth count; and, further, that it is not set forth what privileges or immunities he was so deprived of. As to the eleventh count: 1. It is uncertain, because it does not appear that the conspiracy and injury were before or after the election. 2. The particular election, or when, or where, it occurred, is not set forth, and no day is given, except the date of the conspiracy; that is to say. the 21st of April, 1871, the next day after the act was passed. 3. It is not alleged that said Rainey was qualified to vote at that election, or that he was a citizen of the state. or resident of the congressional district where the election was held. 4. It was not alleged that said Wallace was a citizen of the United States, or a citizen of the state or district in which said election was held, nor that he was a candidate for election, or that said Rainey voted or intended to vote for him.

[See Case No. 15,790.]

D. T. Corbin, U. S. Atty., and D. H. Chamberlain, for the United States.

Clawson, Thompson & Clawson, Reverdy Johnson, and Henry Stanberry, for defendants.

BOND, Circuit Judge. After the prolonged and very able argument of counsel upon this motion to quash, we feel embarrassed, gentlemen, that, upon so little deliberation, we are to pass judgment upon the grave questions raised here. But the fact that so many persons are now in confinement upon these charges and that so many witnesses are in attendance upon the court, at great personal expense, makes it necessary that we should not delay longer. And the first objection to the first count in the indictment is, that the section of the act of May 31st, 1870, which this count charges the parties with conspiring to violate, declares no penalty for the offence. The first section of the act declares a right. It is referred to in this count by its number, and with sufficient certainty it seems to us to enable the parties charged, after trial, to plead the verdict rendered in this case in bar to another indictment. After declaring the right, the statute proceeds, in section 7, to define the punishment for its violation. It is not necessary, it seems to us, that each section of the act should contain or disclose the penalty for its infraction. That is often, as in this statute, referred to a later and generally to the closing section of the act defining the crime or offence, and is made applicable to all the antecedent sections. It is objected, moreover, that this count does not contain the names of the parties who, being entitled to vote, were to be hindered and prevented from the exercise of the elective franchise by the traversers. It must be remembered that this is not an indictment to punish a wrong done to individuals, against the peace and dignity of the United States, but for a conspiracy to do that wrong. The offence is completed the moment the compact is formed, whether any person. within the contemplation of the first section, has actually been hindered or not. If the traversers never committed any overt act, but separated and went home after the completion of the conspiracy, they have incurred the penalty which the seventh section prescribes. So it makes no difference what particular person the conspiracy when put in motion first reached. The act complained of is the conspiracy; and if it be true that any person was hindered or prevented from the exercise of the right granted by the first section, such hindrance and prevention is only proof of the conspiracy, and does not in anywise tend to make the crime more complete. It is generally sufficient, in charging a statutory offence, to set it out in the words of the statute. If the statute uses a common law name for a crime which it proposes to punish, the indictment must set forth the various ingredients of the crime which go to make up the offence at common law. But when the statute itself creates the offence and defines it, it is sufficient if the indictment uses the words of the statute, unless the words be indefinite and vague, ambiguous or general, in which case the indictment must so particularize the act complained of that the party charged shall be in no doubt of the offence alleged against him. The certainty required is that which will enable him to plead the verdict in bar of any future action. It is alleged, in this count, that this conspiracy was to go into operation at an election not yet held, to wit, the third Wednesday of October, 1872, and it is objected that this is not sufficient, that the right to vote is not a continuing right, but exists only at the time of its immediate exercise. It would be strange, indeed, if parties could not be punished, if it be neces-

sary to punish them at all, for any offence but those committed against this act on election day, and in the direct exercise of the elective franchise. The usefulness of the act of congress would be entirely frustrated by such requirement. A man may be so effectually intimidated weeks before the election that he would not dare to go within a mile of the polls, and all the mischief the act is intended to remedy would flourish, and no punishment could be awarded them, under this construction, because the right to vote is not a subsisting right, but one which recurs to the citizen on election day. We do not so hold. The uncertainty which the count leaves as to whether this was a state election or a federal is urged as fatal. The indictment charges that this was a conspiracy to violate the first section of this act. This section declares that all citizens shall be allowed to vote at all elections, who are qualified ·by law to vote, without distinction of race, or color, or previous condition of servitude. Congress has never assumed the power to prescribe the qualifications of voters in the several states. To do so is left entirely with the states themselves. But the constitution has declared that the states shall make no distinction on the grounds stated in this first section. And, by this legislation, congress has endeavored, in a way which congress thought appropriate, to enforce it. It is this act of appropriate legislation, and the first section of it, which the defendants are charged with violating, and we think it makes no difference at what election, whether it be state or federal, he is intimidated or hindered from voting because of his race, color, or previous condition of servitude. Congress may have found it difficult to devise a method by which to punish a state which, by law, made such distinction, and may have thought that legislation most likely to secure the end in view which punished the individual citizen who acted by virtue of a state law or upon his individual responsibility. If the act be within the scope of the amendment, and in the line of its purpose, congress is the sole judge of its appropriateness. The next objection, which is that the count does not set forth the qualification of the voter, is sufficiently answered, we think, in the remarks we have made respecting the requirements of indictments setting forth statutory offences.

We are of opinion that the second count of the indictment is bad, because it does not allege that Amzi Rainey was qualified to vote; and for another reason, more fatal, that it alleges the right of Rainey to vote to be a right and privilege granted to him by the constitution of the United States. This, as we have shown, is not so. The right of a citizen to vote depends upon the laws of the state in which he resides, and is not granted to him by the constitution of the United States, nor is such right guaranteed to him by that instrument. All that is guaranteed is, that he shall not be deprived of the suffrage by reason of his race, color, or previous condition of servitude.

The third count is a repetition of the second, with a clause setting out a charge of burglary. Concerning the court's jurisdiction over such charge, the court is divided in opinion, and will, therefore, make no comment on it at this time.

The fourth count is obnoxious to the objection that neither the citizenship of Rainey nor the fact of his qualifications to vote is set out.

The fifth count repeats the charge contained in the fourth, with the additional clause contained in the third count, and the court refrains from noticing it for the reasons given as to the first count.

The sixth count is intended to charge a conspiracy to oppress Rainey for having prior to 1st February, 1871, exercised the right of suffrage; and would be good if it were drawn with the particularity of the first count, which charges a conspiracy to oppress, to prevent the future exercise of this right. It does not, however, contain any allegation of the fact of qualification, nor that the party was entitled to vote in York county, or anywhere else, or that he ever exercised his right to vote.

The seventh count is a repetition of the sixth, with the charge of burglary added, as in the third count.

The eighth count alleges a conspiracy to prevent and hinder Rainey from the exercise of a right secured to him by the constitution of the United States, which is defined to be the right to be secured in his person and papers against unreasonable search. The article in the constitution of the United States, to enforce which this count is supposed to be drawn. has long been decided to be a mere restriction upon the United States itself. The right to be secure in one's house is not a right derived from the constitution, but it existed long before the adoption of the constitution, at common law, and cannot be said to come within the meaning of the words of the act "right. privilege, or immunity granted or secured by the constitution of the United States."

The ninth count is entirely too indefinite, and the defendants could not possibly know, from its language, with what offence they were charged; and the same objection is valid as to the tenth count.

The eleventh and last count of the indictment charges a conspiracy to injure Rainey because he had previously voted for a member of congress. We have no doubt of the power of congress to interfere in the protection of voters at federal elections, and that that power existed before the adoption of either of the recent amendments. It is a power necessary to the existence of congress. and this count seems to set forth the charge with sufficient perspicuity, and is not liable to the objections urged against it.

The motion to quash is overruled as to the first and eleventh counts of the indictment, and sustained as to the others, excepting such as the court is divided respecting.

---

UNITED STATES v. CROSBY. See Case No. 14,781.